THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| WALGREENS CO.,<br><br>      Plaintiff,<br><br>v.<br><br>AARON PETERS,<br><br>      Defendant. | No. 21 C 2522<br><br>Judge Jorge L. Alonso |

## Memorandum Opinion and Order

Plaintiff Walgreens Co. ("Walgreens") alleges that Defendant Aaron Peters, a former employee, illegally and against company policy downloaded confidential and proprietary information onto a personal external hard drive when he left Walgreens' employ to join a competitor. Peters has filed a motion to dismiss certain counts of Walgreens' amended complaint. For the reasons below, the Court grants in part and denies in part Defendant's motion to dismiss [59].

## Background

The following facts are taken from Walgreens' amended complaint. Walgreens is a leading retail pharmacy with stores across the United States. It provides prescription drugs as well as other health and wellness products, beauty and personal care products, photo services, consumables, and general merchandise. Peters started working for Walgreens in 2003 and continued working there until December 2019. When he resigned, Peters worked as the Senior Director of Walgreens' Planning and Research Department. His responsibilities included overseeing market planning and research, and participating in Walgreens' real estate decisions throughout the United States.

So that Peters could perform this job, Walgreens provided him with access to data, some of which was confidential and some of which was not. This information included sales figures, lease terms, operations, adjusted operating income, cash flow, sales reports, dashboards, and various spreadsheets. Peters used this data to analyze, track, and predict the performance of every Walgreens brick-and-mortar store nationwide. Peters also used this information to advise Walgreens on various real estate decisions, including whether to exercise Walgreens' right of first refusal—a right typically included in Walgreens' property leases—to purchase a property if a current landlord wanted to sell.

Before his exit in December 2019, Peters manually archived his Walgreens email file on his computer and transferred the file to a personal external hard drive. This data spanned a wide variety of topics including Walgreens' real estate transactions and strategy, performance of stores, income and profit data for all Walgreens' stores for the fiscal year 2018, and other information marked "confidential" and/or "privileged." Walgreens suspected that Peters had taken information with him when his new employer, L2 Partners, LLC ("L2") began targeting Walgreens' high-performing stores for purchase. Walgreens hired a forensic examiner who confirmed that Peters downloaded certain emails and other data before he left.

Walgreens filed this lawsuit against Peters for his alleged conduct. In its Amended Complaint, Walgreens asserts the following federal and state law claims: (1) breach of fiduciary duty of loyalty; (2) misappropriation of trade secrets per the Defend Trade Secrets Act, 18 U.S.C. § 1836; (3) conversion; (4) replevin; and (5) injunctive relief. Peters now moves to dismiss Counts 1, 3, 4, and 5 of Walgreens' amended complaint.

2

**Standard of Review**

When considering a Rule 12 motion to dismiss, the Court accepts all well-pled facts as true and will grant the motion only when the complaint fails to allege facts sufficient to "state a claim to relief that is plausible on its face." *Nischan v. Stratosphere Quality, LLC*, 865 F.3d 922, 928 (7th Cir. 2017) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). To determine whether a claim is plausible, the Court considers facts stated in the complaint, as well as any attached documents referred to in the complaint and central to the plaintiff's claim. *Thompson v. Ill. Dep't of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir. 2002). The Court must "construe the complaint in the light most favorable to the plaintiff." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1081 (7th Cir. 2008). This requires the court to draw all possible inferences in the plaintiff's favor. *Id.*

**Discussion**

Peters asks the Court to dismiss Walgreens' breach of fiduciary duty of loyalty claim, conversion claim, replevin claim, and injunctive relief claim. The gist of Peters' arguments are: (1) replevin and conversation law do not recognize a claim related to intangible property; (2) the Illinois Trade Secrets Act preempts counts 1, 3, and 4 of Walgreens' amended complaint; and (3) Walgreens' injunctive relief count should be dismissed because an injunction is a remedy and not a cause of action. The Court addresses each argument in turn.

**I.     Replevin and Conversion Claims**

Walgreens asserts a claim for conversion in Count 3 and a claim for replevin in Count 4. To state a claim for replevin, Walgreens must allege that: (1) it is the relevant property's owner or lawfully entitled to its possession; (2) the property is wrongfully detained by the defendant (after the defendant has refused a demand to surrender the property); and (3) the property is not subject to any state tax, assessment, or fine. 735 ILCS 5/19–104; *First Illini Bank v. Wittek*

*Indus., Inc.*, 261 Ill. App. 3d 969, 970 (Ill. App. Ct. 1994). Similarly, to state a claim for conversion, Walgreens must plead that: (1) it has a right to the property; (2) it has an absolute and unconditional right to the immediate possession of the property; (3) it made a demand for possession; and (4) the defendant wrongfully and without authorization assumed control, dominion, or ownership over the property. *Thakkar v. Ocwen Loan Servicing, LLC*, Case No. 2015-cv-10109, 2019 WL 2161544, *12 (N.D. Ill. 2019) (quoting *Cirrincione v. Johnson*, 184 Ill. 2d 109, 114 (1998)).

Peters argues that Illinois law does not recognize a claim for replevin or conversion of intangible property. As articulated in the Court's order on Walgreen's motion for preliminary injunction, the Court agrees. *See* [67]. Although the Court recognizes the split in authority on whether Illinois law recognizes replevin and conversion claims for intangible property[1], the Court is bound by the Seventh Circuit's direction in *Am. Nat'l Ins. Co. v. Citibank, N.A.*, 543 F.3d 907, 910 (7th Cir. 2008).What's more, other courts similarly conclude that Illinois law does not recognize a claim for conversion of intangible property—although these cases cite to an unpublished state appellate court decision holding that digital information on a USB drive cannot be the subject of a trespass to chattels claim. *See Dino Publishing LLC v. Maritimo Marketing Americas, Inc.*, Case No. 19-cv-1921, 2019 WL 3857875, at *3 (N.D. Ill. 2019) (citing *Ogbolumani v. Young*, 2015 IL App (1st) 141930-U, ¶ 33, 2015 WL 1284064 ("However, as the trial court noted and defendants point out, there is no recognized cause of action in Illinois for a

---

[1] *Compare Bilut v. Northwestern Univ.*, 296 Ill. App. 3d 42, 692 N.E.2d 1327, 1334 (1998) ("Our supreme court has stated that an action for conversion lies only for personal property that is tangible or at least represented by or connected with something tangible.") (citing *Thebus*, 91 Ill. Dec. 623), *with Stathis v. Geldermann, Inc.*, 295 Ill. App. 3d 844, 692 N.E.2d 798, 807 (1998) ("In this State, however, parties may recover for conversion of intangible assets"); s*ee also Joe Hand Promotions, Inc. v. Lynch*, 822 F. Supp. 2d 803, 807 n.3 & n.4 (N.D. Ill. 2011) (compiling cases on both sides of split of authority).

4

trespass to chattel claim based on trespass to an intangible such as digital information contained on a USB drive")); *Sheridan v. iHeartMedia, Inc.*, 255 F. Supp. 3d 767, 780-81 (N.D. Ill. 2017) (same). The Court concludes that Plaintiff's conversion and replevin claims as pled cannot stand.

Moreover, even if Walgreens could pursue a claim of replevin based on intangible property, it has not alleged that it is the proper owner of the external hard drive or the L2 laptop. Thus, Walgreens fails to allege the first required element for a claim of replevin: that Walgreens owns or is entitled to possession of Peter's hard drive. Accordingly, the Court finds dismissal appropriate on that basis as well. Because the Court concludes that dismissal of the replevin and conversation claims is warranted based on existing precedent regarding intangible property, the Court need not consider Peters other arguments for dismissing these claims. However, to the extent that Walgreens can allege that Peters took some tangible property, these defects could, in theory, be fixed. Therefore, the Court will not dismiss these counts with prejudice at this time.

## II. Illinois Trade Secrets Act

In Count 1, Walgreens asserts a claim for breach of fiduciary duty. Peters argues that the Illinois Trade Secrets Act (hereafter "ITSA") preempts this claim. To state a claim for breach of fiduciary duty, Walgreens must allege facts that show: (1) a fiduciary relationship existed, (2) breach of that duty, and (3) that breach proximately caused the injury of which the party complains. *Lawlor v. North American Corp. of Illinois*, 2012 IL 112530, ¶69 (2012). In the employment context, employees owe a duty of loyalty to their employer. *Id.* As such, although employees "may plan, form and outfit a competing corporation" before leaving a company, they cannot compete with their employer until after they leave the company. *Cooper Linse Hallman Capital Mgmt., Inc. v. Hallman*, 368 Ill. App. 3d 353, 357 (Ill. App. Ct. 2006); *Lawlor*, 2012 IL 112530, ¶69 ("[A] fiduciary cannot act inconsistently with his agency or trust and cannot solicit

5

his employer's customers for himself").

The Court concludes that the ITSA does not preempt Walgreens' fiduciary duty claim. Section 8 of the ITSA states that the "Act is intended to displace conflicting tort, restitutionary, unfair competition, and other laws of [Illinois][] providing civil remedies for misappropriation of a trade secret." 765 ILCS 1065/8. It does not, however, affect other civil remedies that are not based on misappropriation of a trade secret. *Id.*

The Court agrees with Walgreens that *Hecny Transp., Inc. v. Chu* controls. 430 F.3d 402 (7th Cir. 2005). In *Hecny*, the Seventh Circuit held that the ITSA did not preempt a fiduciary duty claim based on the defendant's taking of a non-confidential customer list. *Id.* at 405. The Seventh Circuit predicted that the Illinois Supreme Court would follow the dominant view on preemption under the Uniform Trade Secrets Act of 1985, which states "that claims are foreclosed only when they rest on the conduct that is said to misappropriate trade secrets." *Id.* at 404-05 (collecting cases). Preemption, therefore, "does not apply to duties imposed by law that are not dependent upon the existence of competitively significant secret information...." *Id.* at 405 (internal citation omitted).

The ITSA does not preempt the fiduciary duty claim because it is not premised entirely on misappropriating trade secrets. Walgreens alleges that at least some of the information Peters took did not constitute trade secrets. And as the Seventh Circuit said in *Hecny*, "[a]n assertion of trade secret in a customer list does not wipe out claims of theft, fraud, and breach of the duty of loyalty that would be sound even if the customer list were a public record." *Id.* at 405. So too here. Even if some of the information Peters took constituted a trade secret, that does not automatically eliminate other common law claims based on Peters' taking non-confidential information. What's more, Walgreens alleges that Peters continued to access Walgreens'

6

information even after he left its employ, further distinguishing this case from the cases cited by Peters. *See Bankers Life & Cas. Co. v. Miller*, No. 14-cv-3165, 2015 WL 515965, at *8 (N.D. Ill. Feb. 6, 2015) (finding that breach of fiduciary duty claim was not preempted by ITSA when the allegations were based on "more than the mere taking of trade secrets," such as inducing employees to quit as part of scheme to compete and using improperly acquired information once the defendants began competing). Accordingly, the Court denies the motion to dismiss as to Walgreen's fiduciary duty claim.

### III.  Injunctive Relief Claim

In Count 5, Walgreens asserts a claim for injunctive relief. The Court agrees with Peters that injunctive relief is a remedy, not a cause of action. *See Knutson v. Village of Lakemoor*, 932 F.3d 572, 576 n.4 (7th Cir. 2019). Moreover, Walgreens' amended complaint prays for injunctive relief already, so there is no need for the Court to construe Count 5 as a prayer for relief. However, given that the Court has already granted injunctive relief to Walgreens, striking this count, rather than dismissing, is the more appropriate action.

## Conclusion

The Court grants in part and denies in part Defendant's motion to dismiss [59]. Counts 3 and 4 are dismissed without prejudice. The Court strikes Count 5. The Court denies Defendant's motion to dismiss with respect to Count 1. To the extent Plaintiff wishes to amend its complaint, any amended complaint shall be filed by October 15, 2021. Defendant's responsive pleading is due on or before October 29, 2021.

**SO ORDERED.**  **ENTERED: October 1, 2021**

**HON. JORGE ALONSO**
**United States District Judge**