IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| WALGREEN CO., <br><br> Plaintiff, <br><br> v. <br><br> AARON PETERS, ET AL. <br><br> Defendants. | Case No. 1:21-cv-02522 <br><br> **Hon. Jeremy C. Daniel** |

**DEFENDANTS ARISTEDES HASEOTES AND BYRON HASEOTES'S
MOTION TO ENTER FINAL JUDGMENT**

Defendants Aristedes Haseotes ("Ari") and Byron Haseotes ("Byron") (together "the Haseotes Defendants") move pursuant to Rules 58(d) and 54(b) of the Federal Rules of Civil Procedure for entry of a separate and final judgment in their favor on all claims against them in the above-captioned action, and in support state as follows.

On January 4, 2024, the Court dismissed the RICO claims (Counts II and III) against the Haseotes Defendants pursuant to Federal Rule of Civil Procedure 12(b)(6) and all other claims against them for lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2). *See* Mem. Op. & Order ("Order") at 16, 25, 34, 38, ECF No. 366. The Court allowed Plaintiff Walgreens ("Walgreens") the opportunity to move for leave to amend its Complaint within 21 days. *Id.* at 37-38. That 21-day opportunity expired on January 25, 2024. Walgreens has not sought leave to amend its complaint and has represented to both the Haseotes Defendants and the Court that it has no intent to do so. *See* Min. entry before the Honorable M. David Weisman, ECF No. 371. Instead, Walgreens filed, *inter alia*, the claims the Court dismissed on jurisdictional grounds in the District of Massachusetts. *See Walgreen Co. v. Aristedes Haseotes, et al.*, Civ. A.

1

No. 4:24−CV−10151 (D. Mass.) The District of Massachusetts action does not include the RICO claims that the Court dismissed under Rule 12(b)(6).

As a result, the Court's dismissal of the RICO claims against the Haseotes Defendants should be deemed final and with prejudice. *See Federated Dep't Stores, Inc. v. Moitie*, 452 U.S. 394, 399 n.3 (1981); *Cannon v. Loyola Univ. of Chicago*, 784 F.3d 777, 780 (7th Cir. 1986).

Federal Rule of Civil Procedure 58(d) permits Defendants to "request that judgment be set out in a separate document as required by Rule 58(a)." Further, Rule 54(b) allows a court to "direct entry of a final judgment as to one or more, but fewer than all, claims or parties … if the court expressly determines that there is no just reason for delay," so long as an order of dismissal is a "final judgment." *Gen. Ins. Co. of America v. Clark Mall Corp.*, 644 F.3d 375, 379 (7th Cir. 2011).

Here, the Court's dismissal of all claims against the Haseotes Defendants is final. As to RICO (Counts II and III), "the dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6) is a final judgment on the merits." *Moitie*, 452 U.S. at 399 n.3 (internal quotation marks omitted). The Court's dismissal of Counts I and IV for lack of personal jurisdiction, Order at 33-34, is also final for purposes of Rule 54(b). *See in re NCAA Student-Athlete Concussion Inj. Litig.*, No. 16 CV 8727, 2023 WL 6461232, at *8 (N.D. Ill. Oct. 4, 2023) ("Entry of partial final judgment when one or more defendants is dismissed for lack of personal jurisdiction is appropriate."); *Smith v. Jefferson County Bd. of Educ.*, 378 Fed. Appx. 582, 586 (7th Cir. June 3, 2010) (granting final judgment under Rule 54(b) because "dismissal of the claims against the West Virginia defendants pursuant to Rule 12(b)(2) constitutes such a final resolution.").

Particularly given Walgreen's decision to initiate litigation in Massachusetts, there is no "just reason for delay." Fed. R. Civ. P. 54(b). That determination "involves comparing the issues

at stake . . . and those remaining in the district court" to "prevent piece-meal litigation." *In re NCAA*, 2023 WL 6461232, at *8 (quoting *Marseilles Hydro Power, LLC, v. Marseilles Land & Water Co.*, 518 F.3d 459, 464 (7th Cir. 2008)). There is no such concern here. The Court has fully and finally dismissed all Counts against the Haseotes Defendants. Walgreens has not, will not and cannot amend its complaint to add them back into this litigation. And Walgreens' inability to plead RICO claims against the Haseotes Defendants and this Court's lack of personal jurisdiction over them are distinct issues with no further application to other defendants in this litigation. In short, as it pertains to Ari and Byron, this case is over and judgment should accordingly enter pursuant to Federal Rules of Civil Procedure 54(b), 58(a), and 58(d).

## AGREED BRIEFING SCHEDULE

Counsel for Ari Haseotes and Byron Haseotes has conferred with opposing counsel for Walgreens and Plaintiff intends to file a written response. The parties discussed a briefing schedule and would propose three weeks for the opposition and two weeks for the reply.

Dated: February 16, 2024 　　　　　　　　Respectfully submitted,

/s/ *Suyash Agrawal*
Suyash Agrawal
Hillary Weis Coustan
Massey & Gail LLP
50 E Washington Street, Suite 400
Chicago, Illinois 60602
sagrawal@masseygail.com
hcoustan@masseygail.com

John F. Batter III (admitted *pro hac vice*)
John J. Butts (admitted *pro hac vice*)
Robert K. Smith (admitted *pro hac vice*)
WILMER CUTLER PICKERING
　HALE AND DORR LLP
60 State Street
Boston, MA 02109
john.batter@wilmerhale.com
john.butts@wilmerhale.com
robert.smith@wilmerhale.com

*Attorneys for Defendants Aristedes Haseotes and Byron Haseotes*