IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| WALGREEN CO., | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:21-cv-02522 |
| | ) | |
| v. | ) | |
| | ) | |
| AARON PETERS, ET AL. | ) | **Hon. Jeremy C. Daniel** |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS ARISTEDES HASEOTES AND BYRON HASEOTES'
REPLY IN SUPPORT OF THE MOTION TO ENTER FINAL JUDGMENT**

Walgreens does not mention that it explicitly declined this Court's now-expired invitation to amend the Complaint if Walgreens had any facts to do so. Walgreens also does not (and cannot) contest that the Court's dismissal of the RICO claims against Ari and Byron is "final." Rather, Walgreens' opposition rests almost entirely on the boilerplate proposition that partial judgment under Rule 54(b) is an exception to the default presumption that each case gets one appeal. But Walgreens forgets that Rule 54(b) exists for a reason, and it does not engage with the unique circumstances of its claims against Ari and Byron Haseotes that make entry of final judgment appropriate as to them. Instead, while seemingly not opposing entry of judgment on the jurisdictionally dismissed claims, Walgreens opposes entry of judgment on its RICO claims against Ari and Byron based solely on the untenable position that there is "just reason for delay," Fed. R. Civ. P. 54(b). Specifically, Walgreens protests that partial judgment on those claims might lead to judicial inefficiency if Walgreens chooses to appeal the Court's dismissal of Ari and Byron now—and then, years later when this sprawling litigation is over, it wants to also appeal as to the remaining parties. That concern is about Walgreens' preferences, not judicial efficiency: the

1

Seventh Circuit is not spared any work by addressing separate issues separately. Rather, the Court's dismissal of the RICO claims against Ari and Byron was specific to the allegations against *them* and the standards set forth under Rule 12(b)(6). Thus, any appeal about Ari and Byron's dismissal will be heard only once, no matter when judgment enters. If the claims against others arrive in the Seventh Circuit at some later date, they will arise from summary judgment or trial and will be addressed against a different theory of liability, a different legal standard, and a different evidentiary record.

Moreover, Walgreens' arguments about judicial efficiency should be taken with a grain of salt, as it is seeking to hold open the possibility of duplicative litigation in multiple fora. As Walgreens reluctantly concedes in a footnote, it has refiled its non-RICO claims against Ari and Byron in the District of Massachusetts in a complaint that recycles the very same factual allegations that underpinned its dismissed RICO claims. In other words, by opposing judgment, Walgreens seeks to have a court in the District of Massachusetts tackle those (meritless) factual allegations while holding out the possibility that it might someday return to the Seventh Circuit to try to revive its RICO claims against Ari and Byron based on those same factual allegations.

Walgreens also overlooks the obvious prejudice to Ari and Byron from the prospect of serial litigation; first in Massachusetts and then, potentially, returning to the Seventh Circuit after Walgreens' sprawling litigation ends in this Court. Conversely, Walgreens does not contend that it would be prejudiced by the entry of judgment as to Ari and Byron.

Because efficiency is far better served by temporally aligning the matters, and there is little risk of duplication for the Seventh Circuit, there is no "just reason for delay" and partial judgment should enter under Fed. R. Civ. P. 54(b).

**ARGUMENT**

**I.     Walgreens Does Not Oppose Entry of Judgment On Its Non-RICO Claims**

As a threshold matter, it does not appear that Walgreens opposes entry of judgment as to its non-RICO claims—Count I (under the DTSA, as to both Ari and Byron) and Count IV (tortious interference, as to Ari only). Walgreens only passingly references those claims and bases its entire opposition on the alleged factual overlap between the dismissed and non-dismissed RICO claims—not these. Regardless, Walgreens would have no grounds to oppose partial judgment had it tried to. As Ari and Byron already explained, "entry of partial final judgment when one or more defendants is dismissed for lack of personal jurisdiction is appropriate." *In re NCAA Student-Athlete Concussion Inj. Litig.*, 2023 WL 6461232, at *8 (N.D. Ill. Oct. 4, 2023); *see Smith v. Jefferson County Bd. of Educ.*, 378 Fed. Appx. 582, 586 (7th Cir. June 3, 2010) (granting final judgment under Rule 54(b) because "dismissal of the claims against the West Virginia defendants pursuant to Rule 12(b)(2) constitutes such a final resolution"). Moreover, the question of this Court's personal jurisdiction over Ari and Byron—like the question of whether Walgreens adequately pleaded against them, *infra* pp. 4-7—is unique to them and will not be presented by any other defendant in any other appeal. And Walgreens should not be allowed to manufacture parallel litigation by simultaneously pressing an appeal of the Rule 12(b)(2) dismissal here while pursuing the same claims in the District of Massachusetts.[1] *See Serlin v. Arthur Andersen & Co.*, 3 F.3d 221, 223 (7th Cir. 1993) ("a federal suit may be dismissed 'for reasons of wise judicial administration … whenever it is duplicative of a parallel action already pending in another federal

---

[1] Indeed, as Ari and Byron have explained in the District of Massachusetts, Walgreens cannot proceed against Ari and Bryon in that court at all. By bringing its RICO claims to this Court but losing on the merits, Walgreens must be held to the consequences of its strategic decisions. ECF No. 29, *Walgren Co. v. Haseotes et al.*, Civ. No. 24-10151-MRG (D. Mass). Having elected to proceed against Ari and Byron in Chicago in spite of their challenge to personal jurisdiction, it cannot fail first here and now try again in another forum. The District of Massachusetts will rule on that motion in due course.

court."). In sum, having dismissed the non-RICO claims against Ari and Byron, all that is left is entry of judgment so that those claims may be fully and finally resolved.

## II.     Judgement Should Enter On The RICO Claims

This Court dismissed Walgreens' RICO claims (Counts II and III) against Ari and Byron because the Complaint did not and could not plead facts that either of them engaged in any "scheme," "conspiracy," or "enterprise" with the other defendants. Walgreens suggests the other defendants may raise that same issue on appeal. But they will not: the question of whether the Complaint adequately pleaded RICO claims against Ari and Byron is necessarily unique to Ari and Byron. This Court acknowledged as much, carving them out from its opinion. ECF No. 366, at 13 ("The Court reaches a different conclusion with respect to the Named Investors[.]"). Further, Court will recall that Walgreens accused Ari and Byron of a uniquely tenuous role in the alleged conspiracy—not as central characters; that was why it dismissed. *Id.* at 13-15.

In addition, whether this Court properly dismissed Ari and Byron under Rule 12(b)(6) is necessarily a question the Seventh Circuit will only answer as to them—not the "fifteen (15) other Defendants" Walgreen boasts "remain pending" in this case. Opp 1. If judgment ultimately enters for either Walgreens or those "fifteen (15) other Defendants," the appeal from that judgment will *not* entail whether Walgreens adequately pleaded against them, let alone against Ari and Byron. Rather, that future appeal from the remaining parties will arise, if at all, from either summary judgment or judgment after trial, not the interlocutory denial of the motion to dismiss. It will thus entail a vastly different record, a markedly different standard, and ultimately a completely different set of questions than the one question this Court definitively answered as to Ari and Byron.

In short, the legal sufficiency of Walgreens' Complaint as to Ari and Byron—unique individuals whom Walgreens inadequately accused of a unique role in the alleged "enterprise" and "conspiracy"—is a question the Seventh Circuit will only answer once, regardless of when that

4

appeal (if any) is taken. *See Curtiss-Wright Corp. v. Gen. Elec. Co.*, 446 U.S. 1, 8 (1980) (proper "to consider such factors as whether the claims under review were separable from the others remaining to be adjudicated and whether the nature of the claims already determined was such that no appellate court would have to decide the same issues more than once even if there were subsequent appeals."). Walgreens may not want the Seventh Circuit weighing in on the RICO claims at this juncture, but as an objective matter, there is no efficiency to be gained by delaying judgment until any future appeal by separate defendants based on separate facts and findings that may be made against them. Thus, there is no "just reason for delay." Fed. R. Civ. P. 54(b).

To be sure, Walgreens will protest that there is some factual overlap between the dismissed RICO claims against Ari and Byron and the RICO claims pending against the other Defendants. Walgreens beats that drum repeatedly and exclusively. But that emphasis is misplaced. There will always be *some* factual commonalities between claims brought against co-defendants: indeed, Rule 20 *requires* a common factual backdrop to join defendants in the first place. Fed. R. Civ. P. 20(a)(2) ("Persons … may be joined in one action as defendants" if the "right to relief" "arise[s] out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all defendants will arise in the action."). Were a common factual background (required by Rule 20) sufficient to defeat partial judgment for a subset of defendants under Rule 54(b), then Rule 54(b) would be rendered a nullity. That is why Supreme Court decisions have "repudiate[d] the notion that a separate claim for purposes of Rule 54(b) is one that must be entirely distinct from all other claims in the action and arise from a different occurrence or transaction." WRIGHT & MILLER, 10 FED. PRAC. & PROC § 2657 (4th ed.). The principal inquiry, rather, is whether Walgreens' claims against Ari and Byron "could have been enforced separately." *Id.*; *Marseilles Hydro Power, LLC v. Marseilles Land and Water Co.*, 518 F.3d 459, 464 (7th Cir.

5

2008) ("Even if two claims arise from the same transaction or occurrence, they may be separable for Rule 54(b) purposes if they rely on entirely different legal entitlements yielding separate recoveries, rather than different legal theories aimed at the same recovery."). In the hypothetical world where Walgreens' claims against Ari and Byron had merit, Walgreens would have been able to enforce those claims against them separately and without regard to the other defendants.

Nor does it matter, as Walgreens insists, that the RICO claims dismissed as to Ari and Byron remain pending against the other defendants. Walgreens states categorically that "binding Seventh Circuit Court of Appeals authority holds that entry of a Rule 54(b) certification should not occur where the claim at issue remains pending in the case, or is inextricably intertwined with the remaining claims." Opp. 1. But that simply is not true. *U.S. Gen., Inc. v. Albert*, 790 F.2d 678 (7th Cir. 1986)—which Walgreens cites seven times in as many pages—said the opposite: "We recognize that in the appropriate circumstances, an order that disposes finally of a claim against one party to the suit can be certified for an immediate appeal under the rule ***even if identical claims remain pending between the remaining parties***." *Id.* at 683 n.5 (cleaned up and emphasis added). Moreover, not only does Walgreens misrepresent *Albert*'s holding, but its fact pattern has no bearing here. There the Seventh Circuit, hearing an appeal from a Rule 54(b) judgment, identified *sua sponte* a threshold question of standing that pertained equally to the defendants remaining in the case. *Id.* at 683. Given every federal court's obligation to assure itself of subject matter jurisdiction, the court predicted that it would have to answer that same standing question again when the remaining defendants appealed. *Id.* And so, while acknowledging the desirable convenience "to have the allegations against [two dismissed individual defendants] resolved as soon as possible," the Court felt "forced to conclude" that it must wait until all the defendants were on appeal together, so that it could address the same "standing" question as to all of them at once.

6

*Id.* That reluctant decision is of no moment here. There is no necessary and threshold jurisdictional question common to Ari, Byron, and every defendant. Just the opposite, there is a unique question as to Ari and Byron—dismissal of the RICO claims against them under Rule 12(b)(6)—that the Seventh Circuit will have to answer once, if ever.

### III. Delaying Finality Is Inefficient And Prejudices Ari And Byron

Finally, delaying judgment against Ari and Byron both prejudices them and multiplies work for everyone. As to prejudice, it bears noting that Ari and Byron are individuals, not corporate entities. Rule 54(b) "was adopted because of the potential scope and complexity of civil actions under the federal rules." WRIGHT & MILLER, 10 FED. PRAC. & PROC § 2654 (4th ed.). Because of that "scope and complexity," Rule 54(b) provides a safety valve for dismissed and peripheral litigants deserving finality while an underlying litigation can continue for years. This is just such a case. Walgreens is pressing a theory that over a dozen distinct entities conspired against it on a national scale. In turn, it now faces equally complicated counterclaims, including a separate RICO claim against it by the remaining defendants. A cursory review of the docket reveals already contentious and difficult discovery. There is no obvious or immediate end in sight. The conspiracy allegations against Ari and Byron have been and will remain dismissed, but Walgreens apparently wishes to ensure those false claims hang over them for the indefinite future as this case gradually proceeds. This Court should not countenance that desire. Whatever the ultimate merits of the myriad claims between the remaining parties, the just thing as to Ari and Byron is to certify the dismissal as to them—not to hold the claims open until this case resolves only so Walgreens can try to bring them back into this litigation months or years hence.

Nor would judgment be, as Walgreens suggests, an "accommodation." Rather, it is the most efficient path forward. In the current posture as Walgreens has created it, Ari and Byron may be forced to wait until the end of this litigation to learn whether Walgreens will try to bring them

7

back into this case via an appeal, while Walgreens also presses forward in Massachusetts. That tactic is prejudicial to Ari and Byron while there is no prejudice to Walgreens in the entry of final judgment on the Rule 12(b)(6) dismissal while it proceeds against the remaining defendants in this Court.

## CONCLUSION

For these reasons, judgment should enter for Ari and Byron Haseotes under Rule 54(b).

Dated: March 25, 2024

Respectfully submitted,

*/s/ Suyash Agrawal*
Suyash Agrawal
Hillary Weis Coustan
Massey & Gail LLP
50 E Washington Street, Suite 400
Chicago, Illinois 60602
sagrawal@masseygail.com
hcoustan@masseygail.com

John F. Batter III (admitted *pro hac vice*)
John J. Butts (admitted *pro hac vice*)
Robert K. Smith (admitted *pro hac vice*)
WILMER CUTLER PICKERING
  HALE AND DORR LLP
60 State Street
Boston, MA 02109
john.batter@wilmerhale.com
john.butts@wilmerhale.com
robert.smith@wilmerhale.com

*Attorneys for Defendants Aristedes Haseotes and Byron Haseotes*